```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
PRINCE A.Z.K. ADEKOYA, II,                    :
                                              :    ORDER GRANTING
                            Plaintiff,        :    DEFENDANTS' MOTION
                                              :    TO DISMISS AMENDED
        -against-                             :    COMPLAINT
                                              :
FEDERAL BUREAU OF PRISONS, et al.,            :    08 Civ. 5912 (AKH)
                                              :
                            Defendants.       :
---------------------------------------------------------------- x
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff brings this action pursuant to the Federal Tort Claims Act and federal constitutional law.  I grant the defendants' motion for summary judgment under Federal Rule of Civil Procedure 56.

      Plaintiff alleges that, while he was incarcerated at the Metropolitan Correctional Center ("MCC"), some of his possessions were lost or damaged in the prison's storage facility. On November 10, 2006, Plaintiff was placed in the MCC Special Housing Unit following an altercation between him and another inmate.  Some of Plaintiff's belongings, including clothes, books, and legal documents, were moved from his quarters to a storage unit.  On December 2, 2006, and again on December 13, 2006, an officer returned items to Plaintiff.  Certain items were water-damaged and other items, such as clothing and books, were missing.  Plaintiff claims $100,000 in physical, mental, and emotional damages resulting from negligence of the Federal Bureau of Prisons ("Bureau") and makes reference to constitutional violations.

      While he was incarcerated, Plaintiff filed administrative tort claims, which were denied.  He thereby exhausted his administrative remedies, as required under the Federal Tort Claims Act ("FTCA").  28 U.S.C. §§ 1346(b), 2671-80 (2007).  However, Plaintiff's claim relates to property that was lost or damaged in a prison storage facility, and the FTCA may not

1

be used for claims arising from the detention of property by law enforcement officers.[1] 28 U.S.C. § 2680(c); Ali v. Fed. Bureau of Prisons, 128 S. Ct. 831 (2008) (applying 28 U.S.C. § 2680(c) to all law enforcement officers). Plaintiff's claim does not qualify for the exceptions to this bar listed in 28 U.S.C. § 2680(c)(1-4), because his property was not "seized for the purpose of forfeiture," as required by 28 U.S.C. § 2860(c)(1). See Ali v. Fed Bureau of Prisons, 128 S. Ct. at 836.

Any constitutional claims that Plaintiff intends to bring as a Bivens action are dismissed because the Plaintiff failed to exhaust the available administrative remedies under the Prison Litigation Reform Act as set forth in the Bureau's Administrative Remedy Program. 42 U.S.C. § 1997e(a); Webb v. Goord, 340 F.3d 105, 111 (2d Cir. 2003); Bureau of Prisons Program Statement 1330.16. These administrative remedies include, inter alia, the filing of an administrative remedy request, which Plaintiff failed to do.

For these reasons, defendants' motion for summary judgment is granted. The Clerk shall mark the case closed.

SO ORDERED.

Dated:   New York, New York
         March   , 2009

                                        ALVIN K. HELLERSTEIN
                                        United States District Judge

---

[1] Petitioner made a similar complaint against the Bureau regarding another occasion on which his property was allegedly lost or damaged while in the care of the prison authorities. On June 16, 2008, I issued an opinion that described the relevant law and requirements to bringing such a claim and granted defendants' summary judgment motion, thereby dismissing the case. Plaintiff's instant claims suffer the same deficiencies. Adekoya v. Fed. Bureau of Prisons, No. 06 Civ. 6969 (AKH) (Order Granting Defendants' Motion to Dismiss the Amended Complaint).

2